VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00051



| McPartland ZA Appeal |
|---|

### ENTRY REGARDING MOTION

Motion:        Motion to Reconsider[1]

Filer:          John McPartland

Filed Date:   October 10, 2024

Town of Middlebury Memorandum in Response, filed on October 18, 2024, by Benjamin
W. Putnam.

**The motion is DENIED.**

In this on the record proceeding, John McPartland (Appellant) appeals a June 5, 2024 decision by the Town of Middlebury (Town) Development Review Board (DRB) denying his appeal of a February 21, 2024 determination by the Zoning Administrator (Zoning Administrator) in which the Zoning Administrator declined to take enforcement action against Richard Tinsley for alleged zoning violations occurring at his property located at 13 Washington Street Extension in Middlebury, Vermont (the Property).  Appellant timely appealed the DRB's decision to this Court on June 24, 2024.  Presently before the Court is Mr. McPartland's motion to reconsider in part this Court's September 23, 2024 dismissal of Question 3 of his Statement of Questions.  The Town objects to the motion.

The Court analyzes motions for reconsideration under V.R.C.P. 59(e).  The Court has identified four basic grounds for granting Rule 59(e) motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in controlling law."  In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).  The Court interprets

---

[1] Mr. McPartland's motion is entitled "Motion to Appeal . . . Dismissal of Question 3."  See McPartland Motion (filed on Oct. 10, 2024).  The contents of the motion, however, make clear that Mr. McPartland seeks reconsideration of this Court's dismissal of Question 3.  The Town, in their response to the pending motion, has interpreted the motion in this manner and Mr. McPartland has not objected.  Thus, the Court views the pending motion as one for reconsideration.

Mr. McPartland's motion as being made pursuant to prong one, because he argues that the Court misinterpreted Question 3 in dismissing it. He does not address any other prong of the analysis.

Mr. McPartland presents no error of law or fact that would justify reconsidering the Court's dismissal of Question 3. Question 3, when disregarding narrative and argument that is inappropriate for a Statement of Questions, asked "[w]hy did the Zoning Administration and DRB fail to consider our request that student housing not resume without first undergoing Conditional Use Review?" This Court dismissed the Question because it sought a ruling from the Court that future activities not presently occurring at the Property would require a permit if they were to resume. See In re McPartland ZA Appeal, No. 24-ENV-00051, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Sept. 23, 2024) (Walsh, J.) (citations omitted). Thus, the Court concluded we lacked jurisdiction over the Question because it sought an impermissible advisory opinion. Id. (citations omitted).

In the pending motion, Mr. McPartland argues that substance of Question 3 addressed past issues of alleged noncompliance and not future uses of the Property. Functionally, it appears Mr. McPartland argues that the concerns raised in Question 3 regarding a potential future resumption of student housing at the Property and the desire for any such resumption to receive a conditional use permit prior to occurring is based in his past experiences with student housing occurring at the Property. While that may be true, it is undisputed that such student housing is not presently occurring at the Property, nor it is presently proposed for future use/approval. Ruling upon what review these since-ceased activities may need if they were to occur again in the future, would be to issue an impermissible advisory opinion. Clarifying that Question 3 is based in Mr. McPartland's concerns over the previous usage of the Property does not present grounds of the Court to reconsider the dismissal of Question 3.[2]

For these reasons, Mr. McPartland's motion is **DENIED**.

Electronically signed December 3, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] Mr. McPartland in his motion addresses alleged negligence on the part of the Town seemingly for failing to require a conditional use permit for future uses of the Property. Because we decline the pending motion and the Question remains dismissed, we need not address this allegation.